United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Denise Marie Musto,                                           Case No. 14-57791
                  Debtor.                                Chapter 7
_____/

**OPINION REGARDING TRUSTEE'S
OBJECTION TO DEBTOR'S EXEMPTIONS**

The debtor filed for Chapter 7 relief on November 15, 2014. On her Schedule C - Property Claimed as Exempt, she listed $8,800 in prepaid rent as exempt under § 522(d)(1). The trustee filed an objection to the debtor's claim of exemption on two grounds: 1) prepaid rent does not qualify for an exemption under § 522(d)(1); and 2) the debtor is precluded under § 522(g) from exempting the prepaid rent because it is recoverable by the trustee.

The Court held a hearing on April 2, 2015, and took the matter under advisement. For the reasons set forth below, the trustee's objection is overruled.

**Factual Background**

On October 15, 2014, the debtor entered into a Residential Lease Agreement with Rakesh Khullar whereby she agreed to rent property located at 14556 Vauxhall, Sterling Heights, MI. The term of the lease is from October 15, 2014, through October 31, 2015. The monthly rent is $1,100. Additional language at the end of the lease states, "Tenant paid total of $11,305. That includes refundable deposit, pet fee, and rent through end of June 2015. Monthly rent installments of $400 to start on Dec. 1, 2014 through the end of lease term." The debtor states that because of her poor credit, her landlord required a large payment at the time she signed the lease to ensure that he would

receive the rent. The monthly payments of $400 represent the reduced rental amount owing under the lease.

The trustee objects to the debtor's exemption claim of $8,800. The debtor states that she believes the value of the prepaid rent at the time she filed her petition was $8,800. She determined this by deducting the security deposit and one month's rent from the $11,305 she paid her landlord.

**Discussion**

The trustee bears the burden of proving by a preponderance of the evidence that the debtor's exemptions "are not properly claimed." *See* Fed. R. Bankr. P. 4003(c); *see also In re John*, 459 B.R. 684, 689 (Bankr. E.D. Mich. 2011). "Exemptions should be liberally construed in favor of the debtor." *In re Stanley*, 494 B.R. 287, 289 (Bankr. E.D. Mich. 2013). Additionally, "a claimed exemption should be construed in light of the purpose for which it was created." *Id.*

Section § 522(d)(1) provides an exemption for:

> (1) The debtor's aggregate interest, not to exceed $22,975 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

11 U.S.C.A. § 522(d)(1).

The purpose of subsection 522(d)(1) is to provide eligible debtors with a homestead exemption. *In re Demeter*, 478 B.R. 281, 289-90 (Bankr. E.D. Mich. 2012). A homestead, as a property interest, is "created and defined by state law." *See Nobelman v. American Sav. Bank*, 508 U.S. 324, 329 (1993) (*quoting Butner v. U.S.*, 440 U.S. 48, 54 (1979)).

Under Michigan law, a homestead is a dwelling owned and occupied by a resident. Mich.

Const. 1908 art. 14, § 2; M.C.L. § 600.6023(1)(h); *See also Fitzsimons v. Kane*, 222 N.W. 111, 112 (Mich. 1928). "The word 'owner' as used in the law has generally been treated as including all parties who had a claim or interest in the property[.]" *Lozo v. Sutherland*, 38 Mich. 168, 171 (Mich. 1878). "Michigan law recognizes leasehold interests as being a classification of real property." *Wentworth v. Process Installations, Inc.*, 333 N.W.2d 78, 82 (Mich. App. 1983) (*citing Fidelity Trust Co. v. Wayne County*, 221 N.W. 111 (Mich. 1928). Further, a leasehold may be exempt from execution as the tenant's homestead. *Maatta v. Kippola*, 60 N.W. 300, 301 (1894).

The debtor here has a leasehold interest in the property and it is undisputed that she occupies the premises.

The trustee has offered no support for his contention that the prepaid rent does not qualify for an exemption under § 522(d)(1). There are no cases directly on point applying Michigan law, however bankruptcy courts have overwhelmingly allowed a debtor to exempt a leasehold interest in residential rental property under the applicable state law exemptions. *See Sticka v. Casserino* (*In re Casserino*), 379 F.3d 1069 (9th Cir. 2004) (Debtor's leasehold comes within Oregon's homestead exemption from the bankruptcy estate.); *In re Coffey*, 339 B.R. 689 (Bankr. N.D. Ind. 2006) (A lease of real estate constituting the debtor's residence falls within the provisions of the Indiana real property exemption.); *In re Rutland*, 318 B.R. 588 (Bankr. M.D. Ala. 2004) (Debtor can claim prepaid residential apartment rents as exempt under the Alabama homestead exemption statute.); *In re Cook*, No. 02-11321, 2003 WL 21790296, *1 (Bankr. W.D.N.C. March 4, 2003) ("A leasehold is an estate in land where the tenant has a present possessory interest in the leased property. Thus, the debtor's prepaid lease of the property at issue satisfies the ownership of an interest in real property requirement of the North Carolina statute."); *In re Nagel*, 216 B.R. 397, 398 (Bankr. W.D.

3

Tex. 1997) ("It is clear that the Debtor's leasehold interest is exempt from claims of creditors as her homestead."). The prepaid rent is an integral part of the leasehold interest and for exemption purposes is not separable from that interest.

Accordingly, the Court concludes that the debtor's interest in the prepaid rent falls within the provisions of § 522(c)(1).

The trustee's second basis for objecting to the debtor's claim of exemption is that because he seeks to avoid the debtor's transfer of prepaid rent to her landlord, the debtor is precluded from exempting it pursuant to § 522(g). That section provides, in relevant part:

> (g) . . . the debtor may exempt . . . property that the trustee recovers under section . . . 550 . . . of this title, to the extent that the debtor could have exempted such property . . . if such property had not been transferred, if-
>
> > (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> >
> > (B) the debtor did not conceal such property

11 U.S.C. § 522(g). The purpose of § 522(g) is "to allow an exemption 'where a property interest has been involuntarily taken from a debtor by means such as an execution, repossession or certification of judgment, [because] it would be inequitable not to permit a debtor to assert an otherwise allowable exemption. . . .'" *Glass v. Hitt* (*In re Glass*), 60 F.3d 565, 569 (9th Cir. 1995) (citations omitted).

This provision only applies to "property that the trustee recovers." The trustee correctly states that a formal recovery action is not required. *See Russell v. Kuhnel* (*In re Kuhnel*), 495 F.3d 1177, 1181 (10th Cir. 2007). However, the property must in fact have been be recovered and, to date, it has not been and no action to do so has yet been commenced.

Accordingly, the trustee's objection on this ground is overruled.

4

**Signed on May 22, 2015**

                                                  /s/ Walter Shapero
                                                  Walter Shapero
                                                  United States Bankruptcy Judge